UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:18-cr-00028-LRH-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ROCKY NEIL BOICE, JR., | |
| Defendant. | |

Before the Court is Defendant Rocky Neil Boice, Jr.'s ("Boice") emergency motion to reduce his term of imprisonment (ECF No. 37). The government filed a response (ECF No. 40), to which Boice replied (ECF No. 43). For the reasons articulated in this Order, the Court denies the motion.

**I.  BACKGROUND**

The matter before this Court concerns a display of significant violence. In February 2018, Boice attacked the victim, C.H., who was several months pregnant with his child. Following a dispute, Boice stabbed her in the face and abdomen and shot her in the shoulder and head. C.H. passed out from her injuries. After C.H. woke up and law enforcement arrived, a nearly twelve-hour standoff took place during which Boice aimed a rifle at C.H. at least 50 times.

In October 2018, Boice pleaded guilty to Assault with a Dangerous Weapon and Discharging a Firearm During and In Relation to a Crime of Violence. ECF No. 27.[1] This Court accepted the plea agreement, and, in January 2019, sentenced Boice to a total of 180 months' imprisonment. ECF No. 29. Boice is serving his 15-year sentence at Lompoc FCI, with a projected release date of December 9, 2030. Now, citing the ongoing COVID-19 pandemic, Boice seeks to reduce his term of imprisonment. ECF No. 37.

---

[1] Boice was initially indicted for, (1) kidnapping; (2) discharging a firearm during and in relation to a crime of violence; (3) unlawful possession of a firearm by a felon; (4) and two counts of assault with a dangerous weapon. ECF No. 12.

1

## II. LEGAL STANDARD

Under 18 U.S.C. § 3582(c), "the court may not modify a term of imprisonment once it has been imposed," except under specified conditions. For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the Bureau of Prison's inaction for thirty days. The Court finds that Boice has exhausted the administrative remedies available.

18 U.S.C. § 3582(c)(1)(A) provides:

> [T]he court, . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses, for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The relevant United States Sentencing Guidelines policy statement provides that the Court may reduce a term of imprisonment if the Court determines that:

> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). Extraordinary and compelling reasons include (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) any other extraordinary or compelling reason, as determined by the Director of the Bureau of Prisons. *Id.* § 1B1.13 app. n.1.

///

1 | The Court, in ruling upon a motion for reducing sentence or modifying judgment, may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." In addition to this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) to the extent that they are applicable and, in its discretion, decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

## II.   DISCUSSION

Boice has not presented extraordinary and compelling reasons warranting release or a modification of his sentence. The risk of exposure to COVID-19 presents an extraordinary and compelling reason warranting compassionate release when it is compounded by an inmate's specific medical condition or characteristic. Relying on this standard, Boice argues that his history of hypertension, high blood pressure, chronic kidney disease, and BMI warrant a reduction in his sentence. See ECF No. 37, at 6.

However, as pointed out by the government, Boice is fully vaccinated against the COVID-19 virus. The Court is confident that the vaccine will—if it has not already done so—reduce the spread of COVID-19 throughout the federal inmate population. At this time, there is no indication that the vaccine's efficacy is significantly diminished by a specific variant or some other mutation.[2] Thus, on balance, this Court finds that extraordinary and compelling reasons do not exist in this case.[3]

Moreover, Boice is serving his sentence at FCI -Lompoc ("Lompoc"). While Lompoc has previously experienced significant outbreaks of COVID-19, currently, it does not appear that Lompoc is experiencing an outbreak. The Bureau of Prisons reports that there are 785 inmates at Lompoc. Of those 785, zero are currently infected with COVID-19.[4] Lompoc is following BOP required procedures to control the spread of the virus and, while an outbreak is never entirely

---

[2] Aylin Woodward, *One chart shows how COVID-19 vaccines stack up against 4 worrisome variants, including the one found in India*, BUS. INSIDER (May 27, 2021), https://www.businessinsider.com/covid-19-vaccine-efficacy-variants-india-south-africa-brazil-uk-2021-5.

[3] Other courts within the Ninth Circuit have reached the same conclusion regarding the efficacy of vaccines. *See e.g.*, *United States v. Cortez*, 2021 WL 689923 (D. Ariz. Feb. 23, 2021); *United States v. Grummer*, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021); *United States v. Stewart*, 2021 WL 1011041, at *2 (D. Haw. Mar. 16, 2021).

[4] Bur. of Prisons, COVID-19, https://www.bop.gov/coronavirus/ (last visited June 3, 2021).

preventable, the steps taken by the prison officials have diminished the threat of another COVID-19 flare-up.

Aside from considering extraordinary and compelling circumstances, this Court must also evaluate the sentencing factors set forth in § 3553(a). Boice's conviction concerned conduct that was particularly violent and could have killed the victim. He stabbed and shot an individual pregnant with his child and subsequently held her hostage in a standoff that lasted over twelve-hours. The Court is not convinced that the threat of COVID-19 pandemic, when squared against the promising efficacy of the vaccines, outweighs Boice's danger to the community.

Therefore, because no extraordinary and compelling circumstances exist in this case, and the § 3553(a) factors do not warrant release, the Court will deny Boice's motion for compassionate release or a reduction in his sentence. The Court finds that Boice should serve the full sentence imposed against him to reflect the seriousness of his offense, to promote respect for the law, and to provide just punishment for his offenses committed.

III. **CONCLUSION**

IT IS THEREFORE ORDERED that Boice's emergency motion to reduce his term of imprisonment (ECF No. 37) is **DENIED**.

IT IS FURTHER ORDERED that the government's motion for leave to file government's exhibit 1 (ECF No. 41) under seal is **GRANTED** because Boice's medical history is protected.

IT IS SO ORDERED.

DATED this 3rd day of June, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE